Steven M. **KLODZINSKI**,
Plaintiff–Appellant,

v.

Michael J. **ASTRUE**, Commissioner
of Social Security, Defendant–
Appellee.

No. 07–1752–cv.

United States Court of Appeals,
Second Circuit.

April 23, 2008.

Kenneth R. Hiller, Amherst, NY, for Appellant.

Terrance P. Flynn, United States Attorney for the Western District of New York, Buffalo, NY, Vernon Norwood, Special Assistant United States Attorney, Barbara L. Spivak, Chief Counsel, Social Security Administration, New York, NY, for Appellee.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT D. SACK, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Steven M. Klodzinski appeals from an order, entered by the district court on March 7, 2007, granting the Social Security Commissioner's motion for judgment on the pleadings and denying Klodzinski's motion for same. Klodzinski's civil action challenges the July 21, 2005 decision of Administrative Law Judge ("ALJ") Charles R. Center that he is not entitled to disability benefits or supplemental security income under the Social Security Act, 42 U.S.C. §§ 423, 1381a. We assume the parties' and counsel's familiari-

ty with the underlying facts and procedural history of this case, and with the issues raised on appeal.

Klodzinski's principal argument on appeal is that the ALJ violated the so-called "treating physician rule," now codified at 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2). The medical opinion of the physician engaged in the primary treatment of the claimant is given "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Id.; see also Green–Younger v. Barnhart,* 335 F.3d 99, 106 (2d Cir.2003); *Rosa v. Callahan,* 168 F.3d 72, 78–79 (2d Cir.1999). Conversely, "[w]hen other substantial evidence in the record conflicts with the treating physician's opinion, ... that opinion will not be deemed controlling." *Snell v. Apfel,* 177 F.3d 128, 133 (2d Cir.1999).

Here, Klodzinski's treating physician, Dr. Stephen Scrivani, opined that Klodzinski could stand or walk for less than two hours per day and could sit for less than six hours per day. The ALJ found, however, that Klodzinski could stand or walk for two hours per day and could sit for six hours per day. Klodzinski argues that the ALJ violated the "treating physician rule" by improperly substituting his own judgment for Dr. Scrivani's competent medical opinion.

We are not persuaded. Because the ALJ did not explicitly acknowledge the "treating physician rule" or declare why Dr. Scrivani's opinions were not entitled to controlling weight, we have conducted "a searching review of the record to assure [that Klodzinski] received the rule's procedural advantages." *Halloran v. Barnhart,* 362 F.3d 28, 32 (2d Cir.2004) (per curiam). The record reflects that Dr. Scrivani's opinion was not well-supported by clinical findings and was contradicted by substantial evidence in the record. We therefore conclude that "the substance of the treating physician rule was not traversed." *Id.*

The Social Security Administration's regulations codifying the treating physician rule provide, in part: "The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion." 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3). Dr. Scrivani's report was prepared on a standardized multiple-choice form issued by the New York State Office of Temporary and Disability Assistance which we have previously criticized as "only marginally useful." *Halloran,* 362 F.3d at 31 n. 2. Dr. Scrivani simply checked a box indicating that Klodzinski's ability to stand or walk was limited to less than two hours per day and another box indicating that Klodzinski's ability to sit was limited to less than six hours per day. Although the form indicated that these were medical opinions "[b]ased on the medical findings provided in [the] report," the remainder of Dr. Scrivani's report contained few details regarding the severity of Klodzinski's medical condition.

The Social Security Administration's regulations also state: "Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion." 20 C.F.R. §§ 404.1527(d)(4), 416.927(d)(4). According to Klodzinski's own testimony at the administrative hearing, he could sit for up to 45 minutes until he would have trouble standing up, and he could walk to a nearby store which was up to 15 minutes away. It would be reasonable to infer from this testimony that Klodzinski could sit for up to six hours total, and stand or walk for up

to two hours total, in any eight-hour work day, "if given several breaks or allowed to change position often." *Halloran,* 362 F.3d at 32 (internal quotation marks omitted). In light of the fact that Dr. Scrivani's report made no reference to the possibility of Klodzinski shifting positions throughout the day, Klodzinski's own testimony may be given more weight than Dr. Scrivani's check marks.

Although the ALJ should have explicitly announced in his written opinion that he was rejecting Dr. Scrivani's opinion and explained the reasons for doing so, we are confident that the ALJ considered and rejected it for reasons that are appropriate under the regulations and evident from the record and the ALJ's findings. The ALJ found that the "reported medical findings have been unremarkable"—an accurate description of Dr. Scrivani's report which indicates that Dr. Scrivani's opinion was not well-supported by his clinical findings. The ALJ also found that Klodzinski could sit for six hours and stand or walk for two hours so long as he could alternate positions every half hour—an implicit finding that Dr. Scrivani's opinion was not consistent with the testimony of Klodzinski himself and the record as a whole. We therefore "conclude that the ALJ applied the substance of the treating physician rule." *Id.*

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.